**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDERS KARLSSON,

        Plaintiff-Appellant,

  v.

JOHN LEO MANGAN III; et al.,

        Defendants-Appellees,

 and

ART FORCE, LLC; et al.,

        Defendants.

No.   16-55175

D.C. No.
2:14-cv-04514-R-JPR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 7, 2018
Pasadena, California

Before: McKEOWN, CALLAHAN, and NGUYEN, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Anders Karlsson agreed to invest in a number of expensive pieces of artwork including paintings by Jackson Pollock and a sculpture by Max Ernst. He filed this lawsuit in the District Court for the Central District of California alleging that a number of defendants wrongfully induced him to purchase a number of works of art, some of which were overpriced and some of which were not authentic, and also to purchase an overpriced motor pleasure yacht. The district court dismissed, with leave to amend, Karlsson's First Amended Complaint (FAC) as seriously deficient for failing to inform the defendants of the specific acts that exposed them to liability. Karlsson filed a Second Amended Complaint (SAC). The district court found that the SAC was also seriously deficient and dismissed the SAC without leave to amend. The court also awarded defendants $91,670.16 in attorneys' fees. Karlsson appeals. We affirm the district court's dismissal of the SAC, vacate the denial of leave to amend, and vacate the award of attorneys' fees.[1]

**1.** A dismissal of a complaint for failure to state a claim for relief is reviewed *de novo*. *Carlin v. DairyAmerica Inc.*, 705 F.3d 856, 866 (9th Cir. 2013). A complaint must give the defendants fair notice of the claim and the ground upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

A review of the SAC confirms that although Karlsson may have been misled or defrauded by some or all of the defendants, the district court correctly determined that the SAC's allegations "lack specificity, are devoid of particularity, and are comprised of vague and conclusory statements" such that the defendants "do not have fair notice of the accusations against them." Accordingly, the district court's dismissal of the SAC is affirmed.

**2.** A denial of leave to amend is reviewed for abuse of discretion. *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 507 (9th Cir. 2013). Leave to amend should be granted unless the pleadings could not possibly be cured by amendment or where the plaintiff "has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Because Karlsson filed his FAC before the defendants' initial motion to dismiss could be considered, the SAC was his first effort to address the deficiencies noted by the district court when it dismissed his FAC. Although the SAC fails to state a claim for relief, it appears that Karlsson may be able to state a claim against one or more of the defendants who have allegedly received over two million dollars from Karlsson. As the Supreme Court has counseled that leave to amend should be freely given, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the denial of leave to amend is vacated and Karlsson is

3

granted leave to file a third amended complaint that corrects the deficiencies in the SAC that led the district court to dismiss it.

**3.** Because we grant Karlsson leave to amend, the defendants, at this time, are no longer the prevailing parties and the attorneys' fee award is accordingly vacated. Should defendants again seek attorneys' fees, they would be well advised to avoid the mathematical problems they acknowledged at oral argument and to present a further contractual basis for an award that covers all the claims in the complaint.

The district court's dismissal of Karlsson's Second Amended Complaint is **AFFIRMED**, the denial of leave to amend is **VACATED**, and the award of attorneys' fees is **VACATED**. The parties shall bear their own costs.

4